# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANTHONY B. HILL, TALLION GRIGGS, JARMS BIGGS, GLADY BENTON, CARLTON HAMM, CEDRIC CARTER, LARRY TYLER, JONATHAN MOORE, JAMES HUGHES, ANTONIO DENSON, MARTINA ROBINSON, COREY GREEN; REGINALD WHITE, SAMIR HAIDAN, DERRICK KNIGHT, WILLIE SIMMONS, NORMAN PURDUE, CURTIS BYRD AND JOHN E ASH**<br><br>Plaintiffs,<br><br>v.<br><br>**JO ANN MACRINA**, in her individual and official capacity, as Commissioner for the Atlanta Watershed Management also know as Atlanta Watershed and her successors in office in their official capacity; **YAFET BEKELE**, in his individual and official capacity as Director of Safety and Security of the Atlanta Watershed Department and his successors in office in their official capacity; and **CITY OF ATLANTA**<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO.:<br><br>1:16 CV-00016-RWS<br><br>**COMPLAINT FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. §1983 AND FALSE IMPRISONMENT**<br><br>**DEMAND FOR JURY TRIAL** |

# FIRST AMENDED COMPLAINT FOR DAMAGES TO CORRECT THE MISNOMER OF PLAINTIFF JOHN E. "ASK" TO JOHN E "ASH"

NOW COME Plaintiffs ANTHONY B. HILL, TALLION GRIGGS, JARMS BIGGS, GLADY BENTON, CARLTON HAMM, CEDRIC CARTER, LARRY TYLER, JONATHAN MOORE, JAMES HUGHES, ANTONIO DENSON, MARTINA ROBINSON, COREY GREEN, REGINALD WHITE, SAMIR HAIDAN, DERRICK KNIGHT, WILLIE SIMMONS, NORMAN PURDUE, CURTIS BYRD AND JOHN E. ASH (hereinafter "Plaintiffs"), each of whom bring this action against each of the Defendants as specified in the above styled caption, show this Honorable Court the following:

## Preliminary Statement

On January 3, 2014, the Atlanta Watershed Management's Administrators initiated an intrusive and illegal search on the employees of the Atlanta Watershed Management. The Plaintiffs and several hundred other Atlanta Watershed Management employees were forced to allow Atlanta Watershed Management's security personnel access to their personal items and effects. Hundreds of employees were prevented from leaving their workplace at multiple of Atlanta Watershed Management's location until they gave security personnel access to their personal

owned vehicles and personal items. Hundreds of employees complained that their right to privacy were being violated and force to submit to being search or face some type of disciplinary action or even possibly face termination. After protest and opposition from employees of the Atlanta Watershed Management and by the Professional Association of City Employees or P.A.C.E, on January 10, 2014, Jo Ann Macrina, Atlanta Watershed Management Commissioner, halted all searches.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. §§ 1981 and 1983

2. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to this Complaint occurred within this District.

## PARTIES

### *PLAINTIFFS*

4. At all times relevant hereto, the Plaintiffs were residence of the State of Georgia and Citizens of the United States of America.

### *DEFENDANTS*

5. At all times relevant hereto, **JO ANN MACRINA (hereinafter "Defendant Macrina")** was a citizen or permanent resident of the United States and a resident of the State of Georgia and was acting under color of state in her capacity as the Commissioner for the Atlanta Watershed Management and in the scope of her employment as an employee for the City of Atlanta. Defendant **Macrina** is sued individually and in her official capacity.

6. At all times relevant hereto, **YAFET BEKELE (hereinafter "Defendant Bekele")** was a citizen or permanent resident of the United States and a resident of the State of Georgia and was acting under color of state in his capacity as the Director of Safety and Security for the Atlanta Watershed Management and in the scope of his employment as an employee for the City of Atlanta. Defendant **Bekele** is sued individually and in is official capacity.

7.      Defendant **City of Atlanta** is also properly sued under 42 U.S.C. § 1983 for its acknowledgement, acquiescence and approval of its subordinate department's (Atlanta Watershed Management) illegal searches of the Plaintiffs' personal owned vehicle and personal items, and for the delegated final decisions of Defendant Macrina in her official capacity as the Commissioner for the Atlanta Watershed Management, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

**STATEMENT OF FACTS**

8.      On January 3, 2014, under the direction and supervision of the Commissioner for the Atlanta Watershed Management (Defendant Macrina), Defendant Bekele, Director of Safety and Security of the Atlanta Watershed Management, sent a mass email to the entire Atlanta Watershed Management that stated:

Effectively immediately all personal vehicles (POV) will be inspected as they leave the facilities at the point of egress. In an effort to avoid disciplinary action your cooperation with security post is required and will be appreciated. Any employee, contractor or visitor that will not adhere to this procedure will be reported to management for further action.

9.      On January 3, 2014, security post at certain Atlanta Watershed Management's facilities began to search hundreds of Atlanta Watershed Management's employees'

POVs as they exited their assigned duty station.

10. The Plaintiffs as well as hundreds of other Atlanta Watershed Management employees were required to get out of their vehicles and permit Atlanta Watershed Management's security personnel access to their entire vehicle so that the security personnel could rummage through their personal items looking for potential stolen Atlanta Watershed Management's property.

11. In order to accomplish its illegal scheme (unauthorized searches of its employees), the Atlanta Watershed Management placed barriers in front of the exit gates of various Atlanta Watershed locations to prevent employees from leaving their designated workplace without being subjected to the involuntary searches.

12. The Plaintiffs and other employees gave involuntary consent to security personnel to search their vehicles and personal belongs solely on the belief that if anyone refused to allow security personnel to search their vehicle their names would be documented and given to upper management of the Atlanta Watershed Management for noncompliance and would face disciplinary actions or possible termination.

13. The Plaintiffs were among hundreds Atlanta Watershed Management employees who were subjective to the intrusive and invasive searches of their vehicle and personal belongs for an entire week by the Atlanta Watershed Management, who

was without any probable cause to do so and without any legal justification whatsoever.

14. The Plaintiffs experienced a level of embarrassment and humiliation beyond their beliefs. Many of the Plaintiffs have worked for the Atlanta Watershed Management for decades and had never experienced a violation of the privacy in the manner they were subjected to by the Atlanta Watershed Management for seven (7) days. The Plaintiffs were label as criminals and treated as suspects for the allegedly theft of prior stolen Atlanta Watershed Management's equipment.

15. The Plaintiffs were portrayed in the newspaper and local news stations as suspects in the theft of Atlanta Watershed Management's equipment such as large industrial size water meters and backhoes, items that were impossible to transport inside a personal owned vehicle.

16. As a result of the Atlanta Watershed Management illegal actions, the Plaintiffs were branded as thieves and criminals in their communities.

17. The unlawful searches and seizure of the Plaintiffs by the Atlanta Watershed Management are forever visible via the World Wide Web and a more damaging it is forever seared in their memories of the Plaintiffs.

18.     The unlawful searches and seizure of the Plaintiffs by the Atlanta Watershed Management are forever visible via the World Wide Web and a more damaging it is forever seared in their memories of the Plaintiffs.

### *The Georgia Business Security & Employee Privacy Act protects employees from searches by their employers.*

19.     The *Georgia Business Security & Employee Privacy Act* covers public and private employers and prohibits an employer from having a policy allowing the employer to search an employee's private vehicle or private vehicles owned by guests.

20.     The law applies even when vehicles are parked on a parking lot belonging to the employer. Further, *O.C.G.A. § 16-11-135(a)*, provides that:

> No private or public employer, including the state and its political subdivisions, shall establish, maintain, or enforce any policy or rule that has the effect of allowing such employer or its agents to search the locked privately owned vehicles of employees or invited guests on the employer's parking lot and access thereto.

### *The Plaintiffs have suffered substantial injury*

21.     As a direct and proximate result of the wrongful conduct of each of the Defendants the Plaintiffs were substantially injured.

22. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

23. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Unlawful Searches and Seizures in violation of the Fourth and Fourteenth Amendments
### (Against All Defendants)

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint

    42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

25. The Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

26. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees for the City of Atlanta and their acts or omissions were conducted within the scope of their official duties or employment.

27. At the time of the complained of events, the Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable searches and seizure.

28. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to be secure in his person from unreasonable searches and seizure and equal protection under the law.

29. Defendants Macrina, Bekele and Defendant City of Atlanta knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

30. Defendants Macrina's and Bekele's actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiffs.

31. Defendants Macrina's and Bekele's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiffs' federally protected rights. The unreasonable searches the Defendants shocks the conscience and violated the Fourteenth Amendment rights of the Plaintiffs.

32. Defendants Macrina's and Bekele's unlawfully seized and searched the Plaintiffs by means that unreasonably restrained the Plaintiffs of their freedom.

33. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

34. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause the Plaintiffs to injury

35. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

36. These individual Defendants acted in concert and joint action with each other.

37. The acts or omissions of Defendants as described herein intentionally deprived the Plaintiffs of their constitutional rights and other damages.

38. These individual Defendants are not entitled to qualified immunity for their actions.

39. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

40. On information and belief, the Plaintiffs may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

41. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of the Plaintiffs.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
**(Against All Defendants)**

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint

> 42 U.S.C. § 1983 provides that:
>
> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

43. The Plaintiffs in this action are citizens of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

44. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

45. The Plaintiffs clearly had the established rights at the time of the complained of conduct to be secure in their person from unreasonable searches and seizures and s through excessive force, under the Fourth Amendment.

46. Defendants Macrina, Bekele and Defendant City of Atlanta knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

47. The acts or omissions of these Defendants, as described herein, deprived the

Plaintiffs of their constitutional and statutory rights and caused them other damages.

48. The individually name Defendants are not entitled to qualified immunity for their complained actions.

49. Defendants Macrina and Bekele, at all times were relevant policymakers for City of Atlanta, and in that capacity established policies, procedures, customs, and/or practices for the City of Atlanta.

50. Defendants Macrina and Bekele developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the Plaintiff's' constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

51. Defendant Macrina and the Defendant City of Atlanta have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, procedures, customs, practices, and/or failed to properly train and/or supervise its employees in a manner amounting to a deliberate indifference to the constitutional rights of the Plaintiffs and hundreds of other Atlanta Watershed employees.

52. The deliberately indifferent training and supervision provided by Defendant

Macrina and the Defendant City of Atlanta resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant Macrina and the Defendant City of Atlanta and were moving forces in the constitutional and federal violation injuries complained of by the Plaintiffs.

53. As a direct result of Defendants' unlawful conduct, the Plaintiffs have suffered emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial.

54. On information and belief, the Plaintiffs may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of their injuries, in amounts to be ascertained in trial. The Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**THIRD CLAIM FOR RELIEF**
**(FALSE IMPRISONMENT)**
**(Georgia Common Law)**
**(Against All Defendants)**

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint

### *Defendants Macrina and Bekele liability for False Imprisonment*

56. Pursuant to the Official Code of Georgia Annotated Subsection 51-7-20, a recovery for False Imprisonment requires a showing of:

   a. Unlawful detention of the person of another;

   b. For any length of time;

   c. Whereby such person is deprived of his personal liberty

57. Defendants Macrina and Bekele without legal justification prevented the Plaintiffs from leaving their workplace by blocking the exits at multiple of Atlanta Watershed Management's locations.

58. Defendants Macrina and Bekele actions deprived the Plaintiffs' of their freedom and right to move about their lives without undue restrictions.

### *Defendant City of Atlanta Liability for False Imprisonment*

59. Under Georgia Common Law, two elements must be present to render a master liable for his or her servant's actions under respondeat superior: first, the servant must be in furtherance of the master's business, and, second, he or she must be acting within the scope of his or her master's business. *Ga. Messenger Serv. v. Bradley*, 311 Ga. App. 148, 715 S.E.2d 699, 2011.

60.     Defendants Macrina and Bekele both were acting within the scope of their employment and on the behalf of the City of Atlanta when they initiated an intrusive and illegal search on the Plaintiffs.

61.     Defendants Macrina and Bekele actions caused the Plaintiffs to detained thereby depriving the Plaintiffs of the freedom to move about their lives without restriction.

## PRAYER FOR RELIEF

The Plaintiffs prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

> A).  Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
>
> B)   Economic losses on all claims allowed by law;
>
> C)   Special damages in an amount to be determined at trial;
>
> D)   Punitive damages on all claims allowed by law against individual

Defendants and in an amount to be determined at trial;

E) Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F) Pre- and post-judgment interest at the lawful rate; and

G) Any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 16th day of January 2016.[1]

/s/Harry M Daniels
Georgia Bar Number 234158
Daniels & Cauble, P.C.
13A Jackson St
Newnan, Georgia 30263
678-664-8529
daniels@danielsdelacruz.com

/s/ Charles H. Cauble
Charles H. Cauble
Georgia Bar Number 945621
Daniels & Cauble, P.C.
13A Jackson Street
Newnan, GA 30263
(678) 664 -8529
cauble@danielsdelacruz.com

*Attorneys for Plaintiffs*

---

[1] This is to further certify that the foregoing document was prepared using 14 pt.